**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-6810**

_____

DEANDRE JOHNSON,

          Plaintiff - Appellant,

     v.

SALLY YECKLEY; KEVIN HUDSON, Superintendent,

          Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:20-cv-00770-HEH-EWH)

_____

Submitted:  August 30, 2022                    Decided:  October 6, 2022

_____

Before HARRIS and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

Deandre Johnson, Appellant Pro Se.  Alexander Francuzenko, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deandre Johnson, a Virginia inmate, seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.* We order a limited remand.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). An inmate's notice of appeal is considered filed as of the date it was delivered to prison officials for mailing to the court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The district court entered its dismissal order on January 26, 2021. The record does not conclusively establish when Johnson gave a notice of appeal to prison officials for mailing. On April 21, 2021, this court received correspondence from Johnson claiming that he had timely filed his notice of appeal on or about February 9, 2021, by giving it to prison authorities for mailing to this court on that date. *See* Fed. R. App. P. 4(d); *Saxon v. Lashbrook*, 873 F.3d 982, 986-87 (7th Cir. 2017). Johnson's informal brief similarly provided a sworn declaration advising that he had deposited his notice of appeal with prison

---

* Although the district court dismissed the complaint in part without prejudice, we conclude that the dismissal order is final and appealable. *See Britt v. DeJoy*, __ F.4th __, __, No. 20-1620, 2022 WL 3590436, at *1 (4th Cir. Aug. 17, 2022) (en banc) (published order).

2

officials on February 5, 2021.  Because the April 2021 correspondence evidenced an intent to appeal, we construed it as a notice of appeal and forwarded it to the district court for filing.  However, the correspondence was deposited with prison officials, at the earliest, on April 19, 2021, and no earlier notice of appeal appears either in this court's records or on the district court's docket.

Accordingly, we remand this case for the limited purpose of allowing the district court to determine whether Johnson filed a timely notice of appeal under Rule 4(c)(1) and *Houston*.  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*